## ANNETTE WILLEY, ADMX.,

v.

## HEBER AND CLINTON THWING.

JANUARY TERM, 1896.

*Way of necessity may be reserved by implication.*

1.  A way of necessity may be reserved as well as granted by implication.

2.  T. became the owner of two closes across the first of which there had been, for many years, a well-defined way to the second, which was not accessible in any other manner. Subsequently he conveyed the first without any mention of the right of way. *Held*, that a way would be reserved by implication.

Trespass *quare clausum*. Plea, the general issue and notice. Trial by court at the September term, 1895, THOMPSON, J., presiding. Judgment for the plaintiff. The defendants except.

*Frank J. Martin* and *George W. Wing* for the defendants.

A way of necessity was reserved by implication. *Clark* v. *Cogge*, Cro. Jac. 170; *Pomfret* v. *Recroft*, 1 Wm. Sanders, 323; *Jordan* v. *Atwood*, Owen 121; *Pinnington* v. *Galland*, 9 Exch. 1; *Bingham* v. *Smith*, 4 Gray 297; *Nichols* v. *Luce*, 24 Pick. 102; *Collins* v. *Prentice*, 15

Conn. 39; *Robinson* v. *Clapp*, 65 Conn. 365; *Dunklee* v. *Wilton R. Co.*, 24 N. H. 489; *Pingree* v. *McDuffee*, 56 N. H. 306; *Lapman* v. *Milks*, 21 N. Y. 505; *McTavish* v. *Carroll*, 7 Md. 352; *Connor* v. *Boyd*, 73 Penn. 179; *Prowattain* v. *Philadelphia*, 2 Cent. Rep. 332; *Pearson* v. *Spenser*, 1 B. & S., 580; *Blum* v. *Weston*, 102 Cal. 362; *Alley* v. *Carlton*, 29 Tex. 74; *Ellis* v. *Bassett*, 128 Ind. 118; *Elliot* v. *Salee*, 14 Ohio St. 10; *Taylor* v. *Warnaky*, 55 Cal. 350; *Bruning* v. *New Orleans Canal Co.*, 12 La. An. 541; *Gallway* v. *Bonesteel*, 65 Wis. 80; *Seymore* v. *Lewis*, 13 N. J. Eq. 439; Goddard, Law of Eas., (Bennett's ed.) 266-267; 3 Kent Com. 420, 424; Wash., Eas. & Serv., 74, 220-223; *Tracy* v. *Atherton*, 35 Vt. 52; *Wiswall* v. *Minoque*, 57 Vt. 116; *Goodall* v. *Godfrey*, 53 Vt. 219; *Harwood* v. *Benton*, 32 Vt. 724; *Mason* v. *Horton*, 67 Vt. 266.

*S. C. Shurtleff* for the plaintiff.

TYLER, J.   The court below found that in February, 1851, Lewis Taft became the owner of the adjoining lands now owned respectively by the plaintiff and defendants. On the 9th of September, 1852, by warranty deed, he conveyed the plaintiff's farm to R. C. Gale, making no express reservation of a right of way across the same. Through successive conveyances, the title to that farm, in November, 1888, passed to Sortwell and Morse, under whom the plaintiff occupies by lease. September 11, 1852, Taft, by warranty deed, conveyed the defendants' land to Dennis Brittain, making no mention in that deed of any right of way. The title to that land, through successive conveyances, passed to the defendants. For a long time prior to the unity of the title to these lands in Taft, there had been a well-defined way across the Gale farm to the other land, which had been used by the owners of the respective lands in going to and from the same. It is found that this is the

only feasible route to and from the defendants' land, and that from 1864 to 1883, it was used by the defendants' grantors under a license from the owners of the Gale farm.

The law is well settled that the necessity does not in any case create the right of way. The necessity is only a circumstance resorted to for the purpose of showing the intention of the parties and raising an implication of a grant. The deed of the grantor as much creates the way of necessity as it does the way by grant. One is granted in express words and the other only by implication. *Nichols* v. *Luce*, 24 Pick. 102, and cases cited; *Tracy* v. *Atherton*, 35 Vt. 52.

Upon the facts reported, had Taft's conveyance of the defendants' land been first in time, there would have been a grant, by implication, of a right of way over the Gale farm, according to the rule that,

"Upon the severance of a heritage, a grant will be implied of all those continuous and apparent easements which have in fact been used by the owner during the unity, though they had no legal existence as easements."

*Harwood* v. *Benton et al.*, 32 Vt. 724, citing Gale and Whately on easements, ch. 5. But the conveyance of the Gale farm was first in time, and the defendants' counsel argues that when Taft conveyed the defendants' land he had no right of way across the Gale farm to convey. This must depend upon whether there was an implied reservation of the right of way in Taft's deed to Gale. We think there was. A reservation as well as a conveyance may exist by implication. In both cases the implication arises from the necessity. For this there is abundant authority. In *Bridgman* v. *Smith*, 4 Gray 297, the court said:

"If A conveys land to B, to which B can have access only by passing over other land of A, a way of necessity passes by the grant. If A conveys land to B, leaving other land of A, to which he can have access only by passing

over the land granted, a way of necessity is reserved in the grant."

In *Collins* v. *Prentice*, 15 Conn. 38 :

"It is well settled, as a part of the common law of *England*, that, if a man having a close, to which he has no access except over his other lands, sell that close, the grantee shall have a way to it, as incident to the grant; for without it, he cannot derive any benefit from the grant. * * * And although doubts have formerly been expressed upon the subject, it seems now to be as well settled that, if the grantor had reserved that close to himself, and sold his other lands, a right of way would have been reserved."

Goddard on Ease., 266, and cases cited; Washburn on Ease. & Ser., 82. When Taft conveyed to Gale, the servitude was plainly impressed upon the Gale farm and was necessary to the enjoyment of the land now owned by the defendants, so there was an implied reservation of it in that conveyance; for the same reason of necessity it passed, by implication, in the conveyance to Brittain.

*Judgment reversed and judgment for the defendants.*