## George B. Dee *v.* Francis King.

### January Term, 1901.

Present: Taft, C. J., Rowell, Tyler, Munson, Start and Watson, JJ.

Opinion filed November 19, 1901.

*Reservation of right of way implied from necessity but not from inconvenience*—A reservation, as well as a grant, of a right of way may be implied from necessity but not from mere, though great, inconvenience.

*Right of way established by adverse use not divested by after acquired license*—Though a right of way cannot be acquired by permissive use, a right of way by adverse use once established is not divested by obtaining a license to use it.

*Practice—Exceptions to special master's report—V. S. 942*—The question of the admissibility of evidence, upon which the findings of a special master in chancery are based, is not before the Supreme Court, unless raised by exceptions to his report.

*Practice in the Supreme Court on chancery appeals*—On the question whether an adverse use had continued for fifteen years, the findings of a master, giving each its natural construction, were inconsistent. The matter standing thus, the Supreme Court of its own motion remanded the cause that a further report might be procured.

BILL IN CHANCERY to have the defendant enjoined from interfering with the orator's use and enjoyment of a claimed right of way over the defendant's land. At the September Term, 1900, Franklin County, *Stafford,* Chancellor, the cause was considered upon pleadings and a master's report, and thereupon it was ordered, adjudged and decreed that the bill be dismissed. The orator appealed.

The master's report recited that certain facts were found upon evidence objected to by the orator as inadmissible, and set out the grounds of objection made. No exceptions to the report were filed.

*H. P. Dee* and *Farrington & Post* for the orator.

*G. W. Burleson* and *Alfred A. Hall* for the defendant.

MUNSON, J. The orator's buildings are at the southwest corner of his farm, which is at the intersection of roads leading to Milton and Fairfax respectively. The farm extends easterly from the Milton road about one mile, nearly a third of it being beyond the railroad. For some distance from the south-west corner the farm is bounded on the south by the Fairfax road, but beyond this it is separated from the road by land of one Fairbanks, except where the Fairbanks land is intersected by a small piece owned by the defendant, which ex-

tends from the highway at the railroad crossing to that part of the orator's farm which adjoins the railroad on the east. Of the defendant's land, about one-half acre is on the west side of the railroad, and about three acres on the east side. His house is upon the half-acre piece. These pieces were formerly a part of the Dee farm, and were separated from it by conveyances from Jared Dee, the orator's father, now deceased. The half-acre piece was conveyed in October, 1862, by a deed which contained the following clause: "Reserving the privilege of a pass from the highway past the house to the railroad at my usual place of crossing." The three-acre piece was conveyed March 16th, 1867, without reservation or exception.

The orator claims that he has a way of necessity across the three-acre piece. A way of necessity can be reserved as well as granted, by implication; *Willey* v. *Thwing,* 68 Vt. 128; and the master's report must be examined to ascertain whether the conditions were such as to afford a basis for this implication. It appears that there is a considerable hill, more or less ledgy, on the orator's lot east of the railroad, running substantially north and south, and in a line about one-third of the distance from the west side of the lot. The orator's sugar trees and wood and timber land are mostly on top of and east of this hill. This part of the lot cannot be reached by way of the orator's land without extreme inconvenience, but can be reached easily over the Fairfax road and the claimed right of way. The hill is such that it cannot be crossed without making several turns, and then only with very light loads. The master finds that the conditions now existing could be materially improved by the building of certain described pieces of road, the expense of which would be disproportioned to the income from the hill lot, but which would benefit the farm as a whole more than enough to offset the cost. The proposed

road is pronounced inconvenient, and expensive in the first laying out, but not impracticable.

The orator's claim cannot be sustained upon these findings. From Lord Mansfield down there has been authority for the doctrine that a way of necessity would exist, notwithstanding another possible way, if the construction of such other way would involve unreasonable expense as compared with the value of the property. It is said, however, that this view has never gained ground, and that it is held by the weight of authority that mere convenience or usefulness is not sufficient. 35 Am. Dec. 464 note. This court referred to the more liberal rule in *Wiswell* v. *Minogue,* 57 Vt. 616, but without having occasion to consider it. In *Hyde* v. *Jamaica,* 27 Vt. 449 (460), Judge Bennett quotes with approval the statement that "a way of necessity never exists where a man can get to his own property through his own land, however inconvenient the way through his own land may be." It is not necessary to inquire whether a way through one's own land must be absolutely impossible. It is clear that mere inconvenience, however great, will not be sufficient. It is necessity, and not convenience, that gives the right. Mr. Washburn considers it settled beyond controversy that no one can claim a way of necessity because of its superior convenience over another way that he has. Easements, 233.

The orator claims further that he has acquired a right of way across the three-acre piece by fifteen years' adverse use. It is not necessary to inquire whether the master's findings are based upon inadmissible evidence, for no exceptions to the report were filed. It is found that "about the time" the defendant bought the three-acre piece, which was October 31, 1881, Jared Dee obtained permission of the defendant to cross that piece at reasonable times during his life, and that Jared Dee's subsequent use was under that permission. In another

place the master has found in reply to a special request that Jared Dee used the passage-way across the three-acre piece every year for making sugar and getting wood and lumber, from March 16, 1867 to the summer of 1882 or 1883, claiming the right to do so, and without objection from any one.

The time when Jared Dee obtained this permission is of vital importance; for if it was before the expiration of fifteen years from March 16, 1867, no right of way was acquired; while if it was after the expiration of the fifteen years, it would be without effect. A right of way established by adverse use will not be divested by obtaining a license to use it. *Tracy* v. *Atherton*, 36 Vt. 503.

The statement that Dee obtained this permission "about the time" the defendant bought the three-acre piece is very indefinite. The finding as to the continuance of the adverse use is sufficiently definite to include with certainty the sugar season of 1882. These statements will not conflict if the first be treated as covering a time six months after the purchase, for this would permit of the license coming subsequent to the sugar season of '82. In treating of periods of considerable length an occurrence six months after a transaction might be spoken of as happening about the time of the transaction; but the phrase would not ordinarily be used with such latitude in presenting matters of this nature, and we do not feel justified in treating it as so used and basing a judgment upon the findings thus reconciled. The situation is such that the court will of its own motion remand the case, in order that a further report may be procured.

It is not necessary to determine at this time whether the orator has any right by virtue of the reservation in the deed of the one-half acre piece.

*Decree reversed pro forma without costs, and cause remanded.*