## Stamper v. McNabb.

(Decided November 17, 1916.)

### Appeal from Wolfe Circuit Court.

Easements—Creation—Reservation by Implication.—The reservation of a graveyard wholly surrounded by land conveyed to the grantee carries with it by implication the reservation of a well defined passway over such land, which has long been used to reach the graveyard, and which is indispensably necessary for that purpose.

NICKELL & TYRES and S. MONROE NICKELL for appellant.

G. B. STAMPER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 17th, 1906, W. T. McNabb conveyed to D. B. Stamper a tract of twenty-five acres of land, located in Wolfe county. The deed contains the following provision: ". . . . . , reserving one-half acre or more if necessary for a graveyard, which is now being used for the same purpose."

Charging that the defendant, D. B. Stamper, had refused to give him a passway to the graveyard, plaintiff, W. T. McNabb, brought this suit for the purpose of having the deed reformed, or construed so as to give him a roadway to the graveyard. On final hearing the court adjudged that "plaintiff have an open road to said graveyard, and that the same shall not be obstructed

by locked gates, or anything that will hinder him from entering said graveyard, and that said privilege to said graveyard shall be enjoyed by the children and grandchildren and relatives of the said W. T. McNabb, for all purposes whatever for which graveyards are used or may with propriety be used without hindrance or interference by the defendant, B. D. Stamper, or his grantees," etc. The defendant appeals.

The evidence shows that the graveyard reserved is surrounded on all sides by the land sold by plaintiff to defendant. The graveyard is located about 150 or 200 yards from the public road. Leading to the graveyard is an old roadway. The graveyard has been in use for about fifty years. On one occasion defendant locked the gate for the purpose of preventing memorial services from being held in the graveyard and announced that he would not permit memorial services to be held there again. On another occasion one of plaintiff's relatives had to cut down the corn standing in the passway in order to let the funeral pass through. On the contrary, the defendant testified that he locked the gate merely for the purpose of preventing stock from getting on his premises, and he never objected to the holding of memorial services, but did object to actual trespass on other portions of his farm by persons holding the memorial services.

In view of the conclusion of the court, we deem it unnecessary to pass on the question whether or not the facts are sufficient to warrant a reformation of the deed, or to discuss other questions which have no controlling effect on the merits of the controversy. Here we have a case where the graveyard had been in use for fifty years. Leading to the graveyard from the public road was a well defined roadway which had been in long and continuous use in going to and from the graveyard. Not only so, but the way from the graveyard across the land of the defendant is indispensably necessary. Under these circumstances, we conclude that the way in question was reserved by implication, although the deed is silent on the subject. Moore v. White (Mich.), 124 N. W. 62; Willey v. Thwing, 68 Vt. 128, 34 Atl. 428; Geible v. Smith, 146 Pa. 276, 28 Am. St. Rep. 796, 23 Atl. 337; Hall v. McLeod, 2 Met. 98, 74 Am. Dec. 400.

We see no objection to the judgment because of the use of the words "open road." Those words must be construed

in the light of the language, "and that the same shall not be obstructed by locked gates, or anything that will hinder him from entering said graveyard." By providing against the use of locked gates the effect is to authorize the use of unlocked gates at proper points.

We further conclude that the evidence was sufficient to show that the defendant interfered with the reasonable use of the roadway by those entitled to the easement.

Judgment affirmed.