COUNTY OF OTTAWA *v.* ZWAGERMAN.

1. APPEAL AND ERROR—CORRECT DECREE NOT REVERSED BECAUSE WRONG REASON GIVEN THEREFOR.

   A correct decree or judgment will not be reversed because a wrong reason therefor was given by the trial judge.[1]

2. SPECIFIC PERFORMANCE—CONTRACT TO INCLUDE PERSONAL PROPERTY IN DEED MAY BE SPECIFICALLY ENFORCED.

   In a suit for the reformation of a deed and the specific performance of a contract, where it appears by the proofs that a side track on the land purchased was included in the contract as made, but defendant refused to include it in the deed, plaintiffs are entitled to the relief prayed for, and the fact that the side track is personal property will not defeat such remedy.[2]

Appeal from Ottawa; Cross (Orien S.), J.   Submitted October 31, 1924.   (Docket No. 62.)   Decided December 31, 1924.

Bill by the county of Ottawa and another against Cornelius Zwagerman and another for the reformation of a deed and for specific performance.   From a decree for plaintiffs, defendants appeal.   Affirmed.

*Louis H. Osterhous,* for plaintiffs.

*Jarrett N. Clark,* for defendants.

FELLOWS, J.   Defendant Cornelius Zwagerman owned some land which was needed by the county of Ottawa for highway purposes.   The land adjoined the right of way of the Pere Marquette Railway Company and was used for coal sheds with a spur or side track running along their side but on the lands of the company.   Negotiations proceeded for some time.

[1]Appeal and Error, 4 C. J. § 2557; [2]Specific Performance, 36 Cyc. p. 564.

What they were and the amounts offered are in dispute. The trial judge found the facts to be with plaintiffs and in view of some of the extravagant testimony given by defendants, we have no hesitancy in agreeing with him and we shall, therefore, proceed to state the facts as we find them to be without reviewing all the conflicting claims. The county engineer offered defendant $2,000; defendant wanted more; to convince him that he was entitled to more he established the fact that the side track belonged to him and that it had cost him nearly $1,000. It would be of little value to defendant with his coal sheds removed and would be valuable to the county in getting in material during construction but not afterwards. The engineer increased his offer $1,000 and we are clearly convinced he did so to reimburse defendant for the cost of the side track and with the agreement that it should pass with the land to the county. Arrangements were also made for the use by defendant of another side track. The $3,000 was deposited in a local bank and its cashier prepared a deed naming "The Ottawa County Road Commission" as grantee. The deed did not convey the side track nor was any paper drawn transferring it. Previous to making their bids for the construction of the highway, the bidders were advised that they could use the side track to get their material in on. When, however, the successful bidder attempted to use it defendant insisted that it belonged to him and refused permission to use it except on the payment of a considerable sum for rent. Thereupon this bill was filed. It sought reformation of the deed by making the county of Ottawa grantee, the reformation of the deed so as to include the side track on the grounds of mutual mistake, the specific performance of the contract, an injunction and general relief. The trial judge reformed the deed on the ground of mutual mistake. No claim is made that the county of Ottawa is not

the proper grantee or that the deed should not be corrected in this regard.

Defendants' counsel is correct in his contention that this decree can not be sustained on the grounds of mutual mistake. The testimony does not establish that the side track was omitted from the deed through the mistake of both parties. But we have held on numerous occasions that a case will not be reversed because a wrong reason was given for a correct decree or judgment. We are clearly convinced that the contract was as claimed by plaintiffs. The bill prayed for its specific performance and that was the relief plaintiffs were entitled to. The fact that the side track was personal property does not, under the facts of this case, defeat such remedy. 25 R. C. L. p. 293. The result, however, is the same and it follows that

The decree must be affirmed. Plaintiffs will have costs of this court.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, and WIEST, JJ., concurred. SHARPE, J., did not sit.