CARRIER v. CAPLAN.

1. MORTGAGES—FORECLOSURE—DEED OPERATING AS MORTGAGE SHOULD BE RECORDED AS MORTGAGE.

  A deed intended to operate as a mortgage but not so recorded is void as against a properly recorded mortgage (3 Comp. Laws 1915, §§ 11712–11721).

2. APPEAL AND ERROR—CORRECT DECREE NOT REVERSED BECAUSE WRONG REASON GIVEN THEREFOR.

  A correct decree or judgment will not be reversed because a wrong reason therefor was given by the trial judge.

3. MORTGAGES—FORECLOSURE—APPEAL AND ERROR—SUPREME COURT
   MAY AFFIRM DECREE ON OTHER GROUNDS THAN THOSE GIVEN BY
   COURT BELOW, ALTHOUGH PLAINTIFF DID NOT APPEAL.
   A decree in foreclosure proceedings declaring defendant's instru-
       ment to be a deed subordinate to plaintiff's mortgage, and
       granting foreclosure thereof, from which plaintiff took no ap-
       peal, is not binding upon her so that the Supreme Court is
       prevented from declaring, on defendant's appeal, that defend-
       ant's deed should be held to be a mortgage subordinate to
       plaintiff's, and granting relief on that ground, since the de-
       cree of the lower court protected plaintiff's rights and she
       was not concerned as to whether defendant's deed conveyed
       title or operated in law as a mortgage.

Appeal from Wayne; Hart (Ray), J., presiding. Submitted April 16, 1929. (Docket No. 86, Calendar No. 34,277.) Decided June 3, 1929. Rehearing denied September 4, 1929.

Bill by Delia W. Carrier against Anna Caplan and others for foreclosure of a mortgage. From decree for plaintiff, defendant Anna Caplan appeals. Affirmed.

*Wurzer & Wurzer* (*John T. Higgins,* of counsel), for plaintiff.

*J. Shurly Kennary,* for defendant Anna Caplan.

SHARPE, J. Frank A. Ronowski was in the employ of the Michigan State Bank, in Detroit, in 1925 as paying teller. Frank J. Knapp had an account at the bank at that time. In December of that year, certain checks, drawn by Knapp in favor of Caplan &˙ Harris, amounting to about $26,000, were presented for payment through the clearing house. While there is dispute about payment having been refused when they were first presented, it does appear that they were paid by Ronowski and carried by him as cash in the funds of the bank. Knapp prom-

ised to deposit the money to meet them. He did not do so, and Ronowski, realizing that he could not long conceal the matter from the officials of the bank, set about to raise the money to pay them. He and his wife owned a duplex property, in a part of which they lived, worth, as found by the trial court, $20,000. There was a mortgage thereon, of which $7,990 was then unpaid. Knapp paid in $5,000 in February.

On April 27, 1926, Ronowski and his wife placed a second mortgage on their property for $3,750. The mortgagee therein named was Emma W. Henkel. It was not recorded until April 30th. The proceeds of this loan were turned over to Knapp, who deposited the money in another bank and gave a check thereon to Ronowski, payable to the Michigan State Bank, who applied it on the unpaid checks. This mortgage was duly assigned to plaintiff. There having been default in payment, this suit was brought to foreclose it. Plaintiff had decree, from which defendant Anna Caplan appeals.

Caplan & Harris were engaged in the liquor export business in Windsor, Ontario. The checks were given to them by Knapp for purchases made by him from them. Ronowski visited Caplan several times at his office in Windsor. It is his claim that he insisted that this firm was under obligation to assist Knapp in making up the shortage on the checks, and urged that this be done. He testified that at an interview had on the evening of April 27th Caplan offered to make him a loan of $8,000 to apply thereon; that Caplan asked, "What have you got that I can loan you any money on?" and that he told him about his duplex property, but did not inform him of the mortgage executed to Emma W. Henkel on that day. They met by arrangement at Knapp's

office the following day. Ronowski had his abstract of title. Caplan's attorneys examined it, and went to an abstract office and found the title clear except as to the first mortgage. On their return, Ronowski testified that two deeds of their property were prepared and executed, one in which Caplan's wife, Anna, was named as grantee, and in the other both Mr. and Mrs. Caplan were so named. This is disputed by others then present. That to Anna Caplan was recorded as a deed on April 29th. Ronowski also testified that at that time he made inquiry as to when the loan was to be paid, and that Caplan signed a paper so stating; that he retained it for several days and finally tore it up on Caplan's statement that his wife was distressed over his possession of it. In this he is corroborated by his wife, and there is no denial on the part of Caplan.

The issues presented in the trial court were whether Caplan had such knowledge of the mortgage to Mrs. Henkel as would render the recorded deed subject thereto, and whether the deed was in effect a mortgage and should have been recorded as such. The trial court, in an opinion first filed, found with the defendant, but, after reargument, held with plaintiff for the reason first stated. In view of the conflicting testimony as to the first issue, we do not feel called upon to pass upon it, as in our opinion the deed to Mrs. Caplan was intended to operate as a mortgage, and, not having been so recorded, it was void as against the mortgage to plaintiff's assignor. 3 Comp. Laws 1915, §§ 11712–11721.

It may be here noted that neither Caplan nor Knapp was present at the hearing or called as witnesses. The testimony of Ronowski, while subject to some criticism, is, we think, sufficiently supported by facts about which there is no dispute to warrant

the conclusion stated. Mrs. Caplan personally had nothing to do with the transaction. She testified, however, that she furnished the $8,000 paid by her husband to Ronowski. Ronowski testified, as before stated, that the loan was talked about in Caplan's office in Windsor. There is no denial of this, although Caplan's partner, Harris, was also then present. Ronowski at no time had even suggested a desire to sell his property. A significant circumstance is that, after the deed or deeds were executed, the abstract of title was returned to Ronowski and produced by him at the hearing. There does not seem to have been any adjustment of the interest then due on the first mortgage or of the insurance on the property, as is usual on sales of real estate. Mrs. Caplan testified that her husband told her that Ronowski was willing to sacrifice his property, and that she visited it, accompanied by him and her mother, before she advanced the money to purchase it. This is denied by Mr. and Mrs. Ronowski, both of whom, she says, were then present. Neither the husband nor the mother was called to corroborate her testimony in this respect.

The closing paragraph of the decree reads as follows:

"It is further ordered, adjudged and decreed that the cross-bill of complaint of the cross-plaintiffs, Frank A. Ronowski and Florence N. Ronowski, be and the same is hereby dismissed and that Anna Caplan is the owner of the said land and premises in fee simple by title perfect as against the defendants, Frank A. Ronowski and Florence N. Ronowski."

Counsel for appellant insists that, as plaintiff took no appeal from the decree, she is bound by this provision therein, and that this court may not now

say that the deed to Mrs. Caplan should be held to be a mortgage.

The decree recited:

"The court finds that the material allegations of plaintiff's bill of complaint are true and fully sustained by the proofs, and that the plaintiff is entitled to the relief prayed for in her bill of complaint."

It then decreed that the conveyances from the Ronowskis to either Mrs. Caplan or to her and her husband "be and the same are hereby declared to be inferior and subordinate to the rights of said plaintiff under her mortgage," and granted foreclosure thereof. By these provisions, plaintiff's rights were fully protected. She had no concern as to whether, between themselves, the Ronowski deed conveyed title to Mrs. Caplan or operated in law as a mortgage. She had prayed for and obtained a decree under which the rights of Mrs. Caplan under her deed were declared to be subordinate to her rights under her mortgage, and, on appeal, could rely thereon, if the proofs justified such a holding.

In *County of Ottawa* v. *Zwagerman*, 229 Mich. 501, the bill of complaint prayed for the reformation of a conveyance, and also for specific performance of a contract which required the defendants to convey certain property not included in the conveyance. The trial court found that the property in question (a side track) was omitted from the deed by mutual mistake, and entered a decree reforming it. On appeal to this court, it was held that the testimony did not establish a mutual mistake. It was then said:

"But we have held on numerous occasions that a case will not be reversed because a wrong reason was given for a correct decree or judgment. We are clearly convinced that the contract was as

claimed by plaintiffs. The bill prayed for its specific performance and that was the relief plaintiffs were entitled to. The fact that the side track was personal property does not, under the facts of this case, defeat such remedy. 25 R. C. L. p. 293. The result, however, is the same and it follows that the decree must be affirmed."

In view of the conclusion reached, it is unnecessary to consider plaintiff's motion to dismiss the appeal.

The decree is affirmed, with costs to appellee.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.