EDMUND M. PENNOCK ET UX. *v.* CLAIR D. GOODRICH ET UX.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

*Novak, Bloomer & Spero* for the plaintiffs.

*Jones & Jones* and *Charles L. Howe* for the defendants.

SLACK, J.  The plaintiffs seek to enjoin further prosecution of an action of covenant broken, pending against them in Rutland county court, wherein these defendants are plaintiffs.

The case has been here before.  See 102 Vt. 68, 146 Atl. 1. Since the material facts then appearing are there stated, it is enough to say that plaintiffs conveyed to defendants the Capron farm, so-called, in the town of Rutland, by warranty deed in the usual form.  It turned out that at the time of such conveyance there was a right of way across such farm to what is known as the Howard lot, which right was later confirmed by a decree of the court of chancery within and for the county of Rutland, in a suit brought by one Peryea against these plaintiffs and these defendants.  Thereafter these defendants brought the action for covenant broken above referred to.  When the instant case was formerly here, the plaintiffs contended that the decree in the Peryea Case was conclusive in their favor as against any liability by them to the defendants in the latter's action at law by reason of there being no reservation of said right of way in their deed to the defendants.  It was held, however, that such question was not raised by the pleadings; and the decree, which was for the defendants, was reversed *pro forma,* and the cause was remanded with leave to plaintiffs to apply for permission to so amend their bill as to enable them to have their rights determined if any they had against the defendants, on the basis of a right of way by necessity, or by an implied covenant in their deed to the defendants reserving said right of way over said farm for the benefit of the Howard lot.

After remand the bill was amended by alleging, in substance, that prior to their deed to the defendants the plaintiffs entered into a written agreement with Peryea under the terms of which they agreed to sell, and he agreed to buy, the Howard lot; that such agreement also provided that Peryea was to have a right of way to said lot across the Capron farm; that this agreement was duly recorded in the town of Rutland before the conveyance to the defendants; that Peryea had a way of necessity across the Capron farm; that all these facts were known to the defendants when they took their deed, and that there was an implied covenant in such deed reserving a right of way over said farm for the benefit of the Howard lot.  The answer denied

knowledge by defendants of the agreement between the plaintiffs and Peryea respecting such right of way, denied that he had a way of necessity across their farm to the Howard lot, and denied that there was an implied covenant in the deed from plaintiffs to them reserving a right of way across the premises thereby conveyed to the Howard lot.

A hearing was had on the merits by a chancellor, who found and stated the facts; and a decree was entered for defendants from which plaintiffs appealed. The plaintiffs also filed exceptions to certain of the findings and to the refusal of the court to find in accordance with certain requests.

As preliminary to the findings the chancellor stated, in substance, that he understood that the issues before him had to do only with the rights of the plaintiffs, if any, against the defendants on the basis of a right of way by necessity or by an implied covenant in the deed from plaintiffs to defendants reserving a right of way over the Capron farm for the benefit of the Howard lot. This was excepted to on the ground that the issues were not thus restricted, either by the pleadings or the evidence. Treating this statement as subject to exception, we think the chancellor correctly outlined the issues involved. Moreover, the record shows that all issues that could possibly affect plaintiffs' rights were heard and determined.

It is found that plaintiffs and Peryea entered into the agreement set forth in the amended bill June 18, 1918; that the same was duly recorded, and that Peryea went into possession of the Howard lot. It is found that defendants knew that plaintiffs formerly owned the Howard lot and the Capron farm; that they knew that there was an old road across said farm to said lot; that Mr. Pennock told Mr. Goodrich that this old road led to the Howard lot and that he had given Peryea a bond for a deed of that lot; but it is found that "Pennock failed to give information to Mr. Goodrich which was sufficiently definite and explicit to give him notice of a right of way across the Capron farm appurtenant to the Howard lot, either as a way of necessity or by express grant."

The finding quoted was excepted to on the ground that there was no evidence to support it. It is enough to say the record shows the contrary.

It is found that Mr. Goodrich and his two sons went over the Capron farm and examined it before the defendants

purchased it; that on that occasion they saw the road to the Howard lot and followed it all or part of the way to the lot line, where they found an old gateway; but it is found that the gate was so securely fastened and the surface conditions on the Howard lot were such as to indicate that the old road and gateway had not been used for a considerable time, and that in the absence of information to the contrary the defendants might have concluded that they ceased to be used when the ownership of the Howard lot and the Capron farm was separated, and that "the facts which came to the knowledge of Mr. Goodrich were not sufficient to put him upon further inquiry and charge him with notice of the right of way granted by Pennock to Peryea." It is found that prior to taking their deed defendants did not investigate, or have occasion to investigate the lines of the Howard lot except the line between that lot and the Capron farm, and had no actual knowledge that a way of necessity existed across the Capron farm appurtenant to the Howard lot. It is found, in effect, that except for the agreement of plaintiffs to convey to Peryea a right of way across the Capron farm to the Howard lot he would have had such a way of necessity. It is found that "regardless of the way of necessity which Mr. Peryea would have enjoyed across the Capron farm, Mr. Goodrich is not charged with notice thereof, either express or implied, nor is he charged with notice, express or implied, of the grant of a right of way from Pennock to Peryea in the contract of June 18, 1918."

The last two findings quoted were excepted to on the ground that they were contrary to the evidence.

We think that the evidence is clearly sufficient to support these findings.

While the evidence shows, and it is found that the defendants knew that Pennock formerly owned both the Capron farm and the Howard lot, and knew that there was an old road leading across the former to the latter, and knew that Pennock had sold the Howard lot to Peryea, the effect of these circumstances as notice to defendants of such right of way is practically destroyed by the further finding, which is supported by substantial evidence, that the condition of the old gateway and the land in its immediate vicinity on the Howard lot were such when Goodrich examined the farm as might have induced him to believe, in the absence of any information to the contrary, that

the use of the old road ceased when the Howard lot was sold to Peryea. Pennock certainly took no steps to inform Goodrich to the contrary. They talked about the old road, and Pennock told Goodrich that he had sold the Howard lot to Peryea, but not a lisp from him at any time about the right of way. The finding that Goodrich was not charged with notice of a way of necessity is well supported by the evidence.

It is urged that the finding that the facts that came to the knowledge of Goodrich were not sufficient to put him upon inquiry and charge him with notice of the right of way granted by Pennock to Peryea, and the finding that Goodrich was not charged with notice, express or implied, of such fact cannot stand because the instrument whereby Pennock agreed to give Peryea such right of way was recorded and was therefore constructive notice to the defendants of the existence of such right of way. This claim is untenable. Such instrument is not a deed or other conveyance of land or an estate therein within the meaning of G. L. 2739 and 2743. It is merely an executory agreement to convey at some future time.

Moreover, it is not executed in the manner required by the provisions of the statute referred to, in that it is not acknowledged before any one. For the foregoing reasons the record thereof was not constructive notice to the defendants of Pennock's agreement to convey such right of way to Peryea. *Isham, Admr.* v. *Bennington Iron Co.,* 19 Vt. 230; *Pope* v. *Henry,* 24 Vt. 560; *Aldrich* v. *Griffith,* 66 Vt. 390, 29 Atl. 376. See, also, *Hunt* v. *Allen,* 73 Vt. 322, 50 Atl. 1103. There is no other evidence in the case tending to show that the defendants had any notice of such agreement.

At the time plaintiffs deeded the Capron farm to defendants there was no way of getting to the Howard lot, as a matter of right, except over the Capron farm; in other words the Howard lot was landlocked. Since this was so, there was then a way of necessity over the Capron farm to the Howard lot. *Willey* v. *Thwing,* 68 Vt. 128, 34 Atl. 428; *Wiswell* v. *Minogue,* 57 Vt. 616; *Dee* v. *King,* 73 Vt. 375, 50 Atl. 1109; *Howley* v. *Chaffee,* 88 Vt. 468, 93 Atl. 120, L. R. A. 1915D, 1010. Peryea was then in possession of the Howard lot under the contract with plaintiffs described above. This, as we have seen, was a mere executory agreement to convey to him the Howard lot, the title thereto still being in the plaintiffs. It would seem, there-

fore, that the way of necessity then existed in their favor rather than in Peryea's, but be it either way, its existence and enjoyment was not affected by plaintiffs' deed to defendants. There being no express reservation of such way in plaintiffs' deed to defendants a reservation would be implied, since a way of necessity may give rise to an implied reservation as well as to an implied grant. See cases cited. It is said in *Howley* v. *Chaffee* that the foundation of this rule regarding ways of necessity is said to be a fiction of law, by which a grant or reservation is implied, to meet a special emergency, on the ground of public policy, in order that no land be left inaccessible for the purposes of cultivation. Public policy demands no more than that the owner of the landlocked tract may have access thereto.

■ If a designing or incautious owner of land over which there is a way of necessity conveys it free from encumbrances to one who has no knowledge of such way, he cannot escape liability under his covenants on the ground that there was an implied reservation of such way in his deed. Such reservation is implied to protect him from an injustice, not to aid him in perpetrating one. It will secure to him the enjoyment of such way, but will not shield him from liability under his covenant. No case has come to our attention where this rule respecting ways of necessity has been recognized for the purpose for which it is here invoked, and we are not prepared to extend it beyond the *special emergency* which gave rise to it.

Following the findings herein noticed, the chancellor says: "Such being the case there was no implied covenant or reservation in the deed from the plaintiffs herein to the defendants herein." This was excepted to on the ground that the evidence established the contrary. This statement is a conclusion of law rather than a finding of fact, and is disposed of by what has been said.

The plaintiffs excepted to the failure of the chancellor to find, as requested, that defendants had notice of the right of way across the Capron farm, and that they were put on notice of such right of way. All that is said concerning these exceptions is that the "recorded right of way" was constructive notice. What has been said respecting the effect of such record need not be repeated.

*Decree dissolving the temporary injunction and dismissing the bill with costs to defendants affirmed, and cause remanded.*