EITNER v. BECKER.

EASEMENTS—LAKE FRONT LOTS—EQUALLY DIVIDED COURT.
  Decree enjoining interference by owners of servient tenements
    with right of way over their lots to adjacent and other nearby
    lake front lots abutting a high steep hill at their rear is
    affirmed by an equally divided court.

Appeal from Lenawee; Rathbun (George A.), J. Submitted January 15, 1935. (Docket No. 80, Calendar No. 37,961.) Decided September 9, 1935. Rehearing denied October 30, 1935.

Bill by John F. Eitner and A. G. Kaumeyer against William Becker, Louis Vogt, Fred Schwartz and James Cummins to enjoin trespassing. Crossbill by defendants Becker, Vogt and Schwartz against plaintiffs to enjoin interference with right to use roadway. Decree for defendants. Plaintiffs appeal. Affirmed by an equally divided court.

*Joslin & Joslin,* for plaintiffs.

*William B. Alexander* and *Clarke W. Baldwin,* for defendants.

BUSHNELL, J. This action arises out of the peculiar location of several summer cottages on unplatted land on the west shore of Sand Lake in Lenawee county, near U. S.–112. Plaintiffs Kaumeyer and Eitner are owners of the first three parcels to the north of defendants' respective properties, all of which are 50 feet wide and 75 feet deep. At the rear is a hill, described as a "hog back," rising about 100 feet above the lake level, with an easterly slope approximating 45 degrees. For some years access to the shore has been had by a winding wagon track road crossing the Kaumeyer parcel at

its southwest corner, running along the north side of the first of Eitner's parcels to the beach, and thence southerly along the low land to the properties occupied by defendants.

Neighborhood differences resulted in a bill in chancery to restrain defendants from trespassing on plaintiffs' lands, answered by a cross-bill to declare a right to use the road. The trial judge viewed the premises, heard the testimony and entered a decree giving defendants the right to use the road which existed at the time of filing the bill of complaint, and forbidding plaintiffs from obstructing the way or interfering with defendants' proper use thereof, under certain conditions. Plaintiffs' appeal argues that an easement cannot rest on estoppel; that defendants did not obtain such a right by grant, reservation or prescription; and a way of ingress and egress exists without the necessity of crossing plaintiffs' lands.

Appellants suggest that the learned circuit judge in his opinion relied largely upon the creation of an easement by estoppel. *Nowlin Lumber Co.* v. *Wilson,* 119 Mich. 406, is authority for the proposition that such is not the law in this State, but we have held on numerous occasions that a case will not be reversed because a wrong reason was given for a correct decree or judgment. *County of Ottawa* v. *Zwagerman,* 229 Mich. 501.

"The conclusion reached by the trial court, while not binding upon us, is entitled to great weight." *Grand Rapids Trust Co.* v. *Bellows,* 224 Mich. 504, 511.

And as said by Mr. Justice FELLOWS in *Moore* v. *Moore,* 231 Mich. 209:

"We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are per-

suaded they are not in accordance with the just rights of the parties.''

The situation in which the parties find themselves should be remedied if permitted by well established rules of law, and the solution proposed by the trial judge appeals to one's sense of justice. Defendants are land locked and water locked, and there is no practical way in or out except over plaintiffs' land.

Have defendants obtained a way by grant or reservation—for no one claims a right by prescription? Lengthy details as to conveyances are unnecessary if we designate the interested parties and their respective parcels as follows: Kaumeyer, No. 1; Eitner, Nos. 2 and 3; Vogt, No. 4, and Becker, No. 5; neither the original owner of the land, William Egan, nor his son Frank, who obtained title upon the death of his father, having recorded a plat of the land.

William Egan first conveyed parcels 2 and 3 without reservation as to access to 4 and 5, but in the conveyance of 4 and 5 attempted to grant a right of ingress and egress over parcels 2 and 3. He, of course, could not grant that which he did not possess. Parcel 1 was conveyed later by the son without any recitals as to the right of way, but William Egan by express grant had already created a way over parcel 1. True, its exact location was not fixed in the deed, but the wagon track road had existed for years and was sufficiently described in the testimony.

As to parcels 2 and 3, is there a way by necessity? We recently reviewed the authorities in *Bubser* v. *Ranguette*, 269 Mich. 388, and among them, that of *Moore* v. *White*, 159 Mich. 460 (134 Am. St. Rep. 735), seems to be controlling. Mr. Justice McAlvay there said:

"The authorities, as far as we have examined them, support the proposition that, under circumstances similar to the one in the case at bar, a way of necessity arises in favor of the landlocked tract over the adjoining land of the owner. 23 Am. & Eng. Enc. Law (2d Ed.), p. 13, and notes. Such way, being one of strict necessity, is granted by implication, and under like circumstances will be reserved by implication. 14 Cyc. p. 1, 172 *et seq.,* and notes and cases cited. A well-considered case in which this doctrine of the creation of ways of necessity by implication and reservation is discussed in *Miller* v. *Hoeschler,* 126 Wis. 263 (105 N. W. 790). It is reported and annotated exhaustively in 8 L. R. A. (N. S.) 327. The circumstances of the case at bar are such as bring it within the rule of strict necessity from which no authority examined dissents."

The defendants, owners of parcels 4 and 5, might possibly gain access to the highway by building a road, but in this we agree with the trial judge, who held:

"The roadway contemplated by the testimony of the witness Carpenter would be of no satisfactory avail to the cottage owners south of Mr. Eitner, and it will be remembered that Mr. Carpenter testified that the cottage owners could not get down into the yards of their cottages from such a road and that he figured on making a turning place at the south end. Such would afford no opportunity of garage construction for shelter of their cars, and in fact, in the judgment of this court, such a roadway would be dangerous. The hill back of these cottages rises very abruptly and is much higher than ordinarily found in the lake region of this locality. Such roadway would be considerably above the top roof of some of the cottages, and any attempt to drive down into the yard of the cottages would be impossible except through a construction

expenditure greater than the value of the property."

The map of section 12 of Cambridge township shows Sand Lake covering roughly about one quarter thereof in its west center, no testimony, however, being offered as to the possibility or practicability of access by water.

A way of necessity will not ordinarily be recognized if there is another mode of access to the land, though much less convenient. It has been said, a way of convenience is not a way of necessity. *Whitehouse* v. *Cummings,* 83 Me. 91 (21 Atl. 743, 23 Am. St. Rep. 756); *Nichols* v. *Luce,* 24 Pick. (41 Mass.) 102 (35 Am. Dec. 302). And so the fact that the existing way is steep or narrow (*Kripp* v. *Curtis,* 71 Cal. 62 [11 Pac. 879]; *United States* v. *Rindge,* 208 Fed. 611), or can be made available only by the expenditure of money or labor (*Carey* v. *Rae,* 58 Cal. 159, *Nichols* v. *Luce, supra, Dee* v. *King,* 73 Vt. 375 [50 Atl. 1109]), has been held not to justify a finding of a way of necessity. On the other hand, there are decisions to the effect that if the cost of the construction of a road over one's own land as a means of access to any particular portion thereof involves very great expense, out of proportion to the value of the land itself, there is such a necessity for a way over another's land as to justify the recognition of a way of necessity. *Smith* v. *Griffin,* 14 Col. 429 (23 Pac. 905); *Watson* v. *French,* 112 Me. 371 (92 Atl. 290, L. R. A. 1915 C, 355). See, also, as to criterion of disproportionate expense, *United States* v. *Rindge, supra.*

Since the recognition of a way of necessity is based on the intention imputed to the parties at the time of the severance of the ownership, and it is apparent that the grantor tried to create a right

of way across parcels 2 and 3 for the benefit of the grantees of parcels 4 and 5, so that upon a subsequent transfer of the dominant lots, a way of necessity appurtenant thereto, like any other easement, passed without any mention thereof. *Bean v. Bean,* 163 Mich. 379. The burden passes upon a conveyance of the servient tenement, except as against a purchaser for value, without notice. *Douglas v. Jordan,* 232 Mich. 283 (41 A. L. R. 1437); and *Murphy Chair Co. v. American Radiator Co.,* 172 Mich. 14.

Plaintiffs have not proven that they purchased without notice. As the roadway became more and more well marked and defined as the years went by, they are bound by what they should have discovered. For, as said by Mr. Justice SNOW:

"On the other hand there is no great hardship in a rule that requires a purchaser of land to take notice of any possession or use of it by a stranger. He is put upon inquiry as to the character and extent of the use, and if he fails to make it and act if necessary, he cannot complain if the user, after a period of years, acquires permanent rights in his property." *Burkhart v. Zimmerman,* 239 Mich. 491.

The decree is affirmed, with costs to appellees.

NELSON SHARPE, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with BUSHNELL, J.

WIEST, J. I think the opinion of Mr. Justice BUSHNELL grants defendants a way of convenience rather than of necessity. This cannot be done.

The decree should be reversed and plaintiffs have decree enjoining trespass.

POTTER, C. J., and NORTH and FEAD, JJ., concurred with WIEST, J.