## CAROLINE A. KINNEY v. LOREN D. HOOKER.

### GENERAL TERM, 1892.

*Right of way. Location by parol agreement. Evidence.*

1. If a grant is ambiguous, the circumstances surrounding it and the situation of the parties are to be considered in construing it.

2. The intention of the parties when so disclosed will prevail, provided it is not inconsistent with the language of the grant.

3. When a right of way is not definitely located by the deed, the parties may locate it by parol agreement, provided it be within the limits of the grant.

4. If the way after such parol agreement passes as an appurtenance to another grant, and without special mention, it will be as thus located.

Bill to establish a right of way. Heard at the March term, Washington county, 1891, upon the pleadings, a master's report and exceptions of the oratrix thereto. THOMPSON, chancellor, *pro forma* overruled the exceptions and dis-

missed the bill.   The oratrix appeals.   The facts appear in the opinion.

*Wing & Fay* for the oratrix.

*W. A. & O. B. Boyce* for the defendant.

When the boundaries of a deed are uncertain the statements of former owners are admissible.   *Wills* v. *Leverich*, 20 Ore. 158; *Knapp* v. *Bailey*, 79 Me. 195; *Allen* v. *Sallinger*, 108 N. C. 159; *Thompson* v. *Southern Cal. Motor Road Co.*, 82 Cal. 497.

The opinion of the court was delivered by

START, J.   The oratrix is the owner of two pieces of land in the village of Barre.   One, called the " flat," is situated north of the defendant's land;   the other, the " Kinney homestead," is situated north of a piece of land called the " Batchelder lot."   All the above mentioned land was formerly owned by W. C. French and wife, who first conveyed the " Kinney homestead" to Ira Trow, and subsequently, on the 30th day of April, 1870, conveyed the " flat" to said Trow by their deed of warranty, containing the following provision :   " Said Trow has the privilege of going onto our land at the south end of the piece as above set forth in the description."   On the 23rd day of November, 1870, French and wife conveyed to the defendant the land now owned by him, by their deed of warranty, without reservation except as to certain water rights.   On the 23rd day of September, 1881, French conveyed the " Batchelder lot," with the following reservation :   " I reserve the right to cross the above described land at the north-westerly corner as is conveyed by deed, H. W. and E. C. French to Ira Trow, dated April 30, 1870."   The conveyance referred to

in this reservation is the deed of the "flat" from French and wife to Trow.

The "flat" is some nine feet higher than the "Kinney homestead" and is practically inaccessible by team therefrom without going upon the "Batchelder lot." Ira Trow occupied the "flat" and the "Kinney homestead," under his deeds from French and wife, until September 11, 1872, and during this time he exercised his right of way over the northwest corner of the "Batchelder lot," entering the "flat" at its south-east corner, and in so doing, passing over the corner of the defendant's land. Trow was called as witness and testified that at the time he took his deed of the "flat" he and French agreed by parol that his right should be exercised in this place; and if this testimony was admissible, the master so finds the fact. The oratrix claims that under the deed from French and wife to Trow, she has a right of way across the defendant's land to Prospect street. The defendant claims that the right of way granted is at the southeast corner of the "flat" and northwest corner of the "Batchelder lot," where Trow exercised the right.

We will first consider what was intended by the words, "our land at the south end of the piece as above set forth in the description," found in the deed of the "flat." At the time this deed was executed, the defendant's land and the "Batchelder lot" were one lot, owned by French and wife, The words, "our land at the south end of the piece as above set forth in the description," do not limit the way to any particular portion of the lot south of the "flat." They are so general that the exercise of the right of way over any portion of the lot, as then owned and situated, could be fairly said to be an exercise of the right granted; and the right granted could be exercised over what is now called the "Batchelder lot," if such was the intent of the parties to the grant. If the language of a grant is uncertain and ambiguous, the circumstances surrounding it and the situation of

the parties are to be considered in arriving at the true intent of the parties.

In determining the intent of the parties to the grant in question, it is important that we consider the situation and relation of the respective lots to each other and the purpose for which they were used. The "flat" was used for a pasture and joined the "Kinney homestead," which, at the time of the grant, was owned and occupied by Trow. He could not pass directly from the "Kinney homestead" to the "flat," because of an embankment, but it was necessary to go around the embankment over a corner of the "Batchelder lot," and the north-east corner of the defendant's land. This was the most convenient and direct way of reaching the "flat." In order to reach the "flat" without going upon the "Batchelder lot," it was necessary to go by the highway around the "Batchelder lot" and across the defendant's land, where the oratrix now claims a right of way. From the surrounding circumstances, the situation of the lots and the parties at the time of the grant, we think that the parties intended that the grantee should exercise his right of way over such portions of the entire lot owned by the grantors and situated south of the "flat" as was necessary to enable him to conveniently reach the "flat"; and if the convenient, reasonable and proper exercise of the right granted required that he go upon what is now the "Batchelder lot," the right to do so was granted. In construing a grant of a right of way, courts will give effect to the intention of the parties as disclosed by the surrounding circumstances and the situation of the parties, provided the intention thus disclosed is not inconsistent with the language of the grant. *Herman v. Roberts*, 119 N. Y. 37, (16 Am. St. Rep. 800) ; *Bakeman v. Talbot*, 31 N. Y. 370; *Burnham v. Nevins*, 144 Mass. 93, (59 Am. St. Rep. 61) ; *Atkins v. Bordman*, 2 Met. 457 ; (37 Am. Dec. 100).

When a way is not located by the grant, the parties may

locate it by parol agreement at any point on the premises over which the right is granted, and evidence of such agreement is admissible and does not contradict or vary the deed, provided the way is located within the boundaries of the land over which the right is granted. The deed in this case did not locate the way. It granted the right, but did not limit or define it. The grantee was entitled to a convenient, reasonable and accessible way, and such a way could be located by the agreement of the parties. *George* v. *Cox*, 114 Mass. 382; *Johnson* v. *Kinnicutt*, 2 Cush. 153; *Bannon* v. *Angier*, 2 Allen 128; Washburn on Real Property, vol. 2, p. 53; *Wyncoop* v. *Burger*, 12 Johns. 222; *Onthank* v. *Lake Shore, etc., R. R. Co.*, 71 N. Y. 194, (27 Am. Rep. 30); Gale and Whortley on Easements, 344; *French* v. *Hayes*, 43 N. H. 30; *Cheswell* v. *Chapman*, 38 N. H. 14, (75 Am. Dec. 158).

It does not appear that a right of way was mentioned in the deed from Trow, under which the oratrix claims, or that Trow undertook to convey a right of way over any land. If, at the time of this conveyance, there was a right of way over the defendant's land appurtenant to the "flat," it was the way used by Trow and located by him and French; and if the oratrix now has a right of way over the defendant's land it is the way then located, and it passed to her as an appurtenance to the "flat," and her right is limited to the way that was appurtenant to the "flat" at the time it was conveyed by Trow. *George* v. *Cox*, *supra*; *Onthank* v. *Lake Shore, etc., R. R. Co.*, *supra*; *Jennison* v. *Walker*, 11 Gray 423; *French* v. *Marstin*, 24 N. H. 440, (57 Am. Dec. 294); *Cheswell* v. *Chapman*, *supra*; *Kent* v. *Waite*, 10 Pick. 138.

It not appearing that the oratrix ever claimed any right over the way agreed upon and used by Trow, or that such

right has been denied her by the defendant, the bill was properly dismissed.

*The pro forma decree of the court of chancery is affirmed, and cause remanded.*