JOSEPH ZIENDARSKI & another *vs.* A. BARANOWSKI
& another.

Hampshire.    September 16, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ. ·

*Way,* Private.  *Equity Jurisdiction,* To enjoin infringement of right of way.  *Deed,* Construction.

If certain land, appurtenant to which is a right of way over adjoining land, is conveyed by a deed, the habendum clause of which reads, "with all the privileges and appurtenances thereto belonging," the right to the use of the way as appurtenant to the land passes to the grantee, although the deed contains no express grant of such right. ·

If the owner of certain land conveys part of it to one person with a right of way over a described portion of his remaining land, and then conveys part of his remaining land to a second person also with the same right of way by reference to the former deed, the right of way granted by the first deed is not affected by the second conveyance and a successor in title to the first grantee can maintain a suit in equity to enjoin obstruction of the right of way by the second grantee.

BILL IN EQUITY, filed in the Superior Court on August 20, 1924, seeking to enjoin the defendant from interfering with a right of way of the plaintiffs.

In the Superior Court, the suit was heard by *Lummus,* J. Material facts found by him are described in the opinion. A sketch plan, made by the judge and forming part of a statement of his findings and rulings and order for a decree, is given below.

By order of the judge, a final decree was entered establishing the right of way claimed by the plaintiffs and perpetually enjoining the defendants from interfering with it. The defendants appealed from the decree.

*T. M. Connor,* for the defendants.

*W. H. Feiker,* for the plaintiffs.

BRALEY, J. The lots shown on the plan forming part of the record were owned as an undivided tract by one Amedee Desmarais and no right of way in connection therewith existed. On November 9, 1910, he conveyed to Ephraine Lavallee and Delphine Lavallee his wife, as tenants in common, lots F and G, describing them as one parcel abutting on Walnut street on the southerly side. June 24, 1911, Desmarais also conveyed to the Lavallees lots C, D and E. By the plan lot C on the west abuts on Market street, and lot D on the east is contiguous to lot F, while lot F on that side is contiguous to lot G. The deed described lots C and D as one tract, and lot E, which abuts southerly on Walnut street, is on the east also contiguous to lot F. It was described as a separate tract, and after the words, "thence easterly along said Walnut St. fifteen feet to place of beginning," which ended the bounding of lot E, the deed contained the following language: "also a right of way over a strip of land 15 feet in width on the westerly side of this tract extending northerly from said Walnut St. about ninety seven feet." This strip is designated as A on the plan. The grantees thus acquired by grant a right of way from C, D and E to Walnut Street. *George* v. *Cox,* 114 Mass. 382.

The Lavallees July 13, 1922, conveyed to the plaintiffs, who are husband and wife, lots D, E and F, to hold as tenants by the entirety, describing the land as one tract. The description or boundaries contain these words, "an iron pin at the southeasterly corner of a right of way which we have leading from our property to said Walnut street; thence northerly ninety-six feet more or less along the easterly side of said right of way to an iron pin."

It may be conceded, as the defendants contend, that there was no express grant of a right of way over A. The habendum however reads, "with all the privileges and appurten-

ances thereto belonging." The right of way therefore passed to the plaintiff as appurtenant to the lands conveyed. *Kent v. Waite,* 10 Pick. 138. *Underwood v. Carney,* 1 Cush. 285. *Whitney v. Lee,* 1 Allen, 198. *Oliver v. Dickinson,* 100 Mass. 114. *Boland v. St. John's Schools,* 163 Mass. 229.

The deed of August 8, 1912, from Desmarais to the defendants of lot B and "Also the right of way as mentioned in deed" to Ephraine and Delphine Lavallee, dated June 24, 1911, did not affect the rights of the plaintiffs derived by mesne conveyance under the prior grant to the Lavallees. It is found on evidence not reported that, while the easterly boundary of lot B may be uncertain, it does not approach within five feet of the boundary between A and E, and when the bill was filed the defendants had no title to the soil of that part of A which adjoins lot E. But quite apart from these findings Desmarais at the date of the conveyance to the defendants held title subject to the rights theretofore granted to the Lavallees. The erection of posts along the line between A and E was an unlawful interference with the plaintiffs' easement entitling them to relief. *O'Brien v. Murphy,* 189 Mass. 353.

The decree, establishing the way and directing the defendants within a time stated to remove the posts, and perpetually enjoining them from obstructing the plaintiffs' use of the way, must be affirmed with costs.

*Ordered accordingly.*