## George A. Moore and Hope B. Moore v. William J. Center

[ 204 A.2d 164 ]

June Term, 1964

Present: **Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.**

Opinion Filed October 6, 1964

*Ryan, Smith & Carbine* for plaintiffs.

*O'Neill, Delaney & Valente* for defendant.

**Holden, C. J.** The plaintiffs instituted this action for injunctive relief to protect an easement in lands of the defendant in the town of Sudbury. The easement claimed by the plaintiffs was created by the common predecessors in title to the lands of both parties in this controversy.

After making extensive findings of fact, the chancellor denied equitable relief to the plaintiffs, but issued an order forbidding the plaintiffs access to the lands of the defendant. The plaintiffs appeal.

The plaintiffs are the owners of an island on Lake Hortonia. To gain access to the lake on the mainland from Highway 141 that extends along the north and west shores, they acquired a narrow strip of land extending from the highway to the low water mark. This parcel was conveyed to them by warranty deed of Horace W. and Nettie C. Tupper, dated July 13, 1949.

In addition to conveying the fee to the access strip, the Tupper grant makes provision for the grantees' use of other lands of the

grantors on both sides of the highway. The provision as to the use of land on the westerly side of the road is: "And granting further to said grantees, their heirs and assigns, the right and privilege of parking their automobile and removing same, on other lands of the grantors located on the westerly side of the highway, at such place as may from time to time be mutually agreed upon." The plaintiffs caused the deed, including the provision quoted, to be recorded in the land records of the town of Sudbury on July 27, 1949.

As to this aspect of the grant, the chancellor found—

"That on July 13, 1949, immediately after the execution and delivery of the deed in question, Plaintiffs made inquiry of the said Horace W. Tupper and Nettie C. Tupper concerning the area where it would be agreeable to Horace W. Tupper and Nettie C. Tupper that the Plaintiffs exercise their rights of parking their automobile as set forth in the deed of July 13, 1949; that Horace W. Tupper and Nettie C. Tupper then and there indicated an area northeasterly of the dwelling house then occupied by them, near a power pole and on the lands now owned by the Defendant Center; and that the Plaintiffs forthwith moved their car to the point so designated and have continuously used the same until excluded therefrom by the acts of the Defendants—."

Horace Tupper died shortly after these events. His widow, in her own behalf and presumably as successor to the interest of her deceased husband, conveyed lands northwest of Highway 141, including the area designated for parking, to the defendant on January 17, 1950. The conveyance to the defendant failed to mention the interest granted the plaintiffs by the prior deed of July, 1949. The deed from Mrs. Tupper warranted the premises free from every encumbrance. This instrument was recorded in the Sudbury land records January 27, 1950.

The plaintiffs continued to use the parking area during the years 1950 through 1956. The court found, however, that during this time the defendant was absent from his property and had no knowledge of this use.

In 1957 the defendant complained to the plaintiffs about their parking on his land. At this time the plaintiffs made known their claim to the easement as a matter of right.

In the fall of the year 1960, the defendant constructed a garage, driveway and retaining wall on his property. The findings state that the continued use of the parking lot by the plaintiffs in the area originally designated will encroach on the 1960 improvements and will deprive the defendant of his free and unencumbered use of his property. This situation resulted in the defendant's excluding the plaintiffs from the land. There has been no relocation of the parking area by mutual agreement.

The chancellor concluded that the defendant had no actual or constructive notice of the plaintiffs' easement. Accordingly, he dismissed the plaintiffs' complaint and prohibited them from further parking their automobile on the lands and premises of the defendant.

■ Although the deed from Horace and Nettie Tupper did not locate the easement afforded the plaintiff, it effectively created a right and interest in the lands retained. The particular area upon which the plaintiffs' right was to be exercised was competently left to subsequent agreement. *Kinney* v. *Hooker,* 65 Vt. 333, 337, 26 Atl. 690; *Lafleur* v. *Zelenko,* 101 Vt. 64, 71, 141 Atl. 603. The Tuppers, as owners of the servient estate, had the privilege, in the first instance, to designate the plot where the easement should be exercised. *Lafleur* v. *Zelenko, supra,* 101 Vt. at 70.

■ The findings tell us that the grantors availed themselves of this choice. And it can be inferred from the facts reported that the area selected was one which would accommodate the convenience of both the dominant and servient estates. See *Peduzzi* v. *Restulli,* 79 Vt. 349, 352, 64 Atl. 1128.

■ These acts were performed according to the dictates of the deed. When the area became fixed by agreement and continued use, it could not be disturbed nor relocated without the combined consent of the owners of both estates. *Sargent* v. *Gagne,* 121 Vt. 1, 12, 147 A.2d 892; Thompson, Real Property §512.

The fact that the improvements made in 1960 resulted in increasing the burden of the parking area beyond that experienced in prior years, is not attributable to the plaintiffs. It was done by the defendant's own hand after the plaintiffs had asserted their right to use the area in 1957 by virtue of the easement previously granted.

On that occasion, the findings report the defendant disclaimed any knowledge of the plaintiffs' easement since it was not mentioned

in defendant's deed from Mrs. Tupper. He now contends the plaintiffs' easement was extinguished since he purchased the property in 1950 without notice. He argues that the plaintiffs' grant concerns other lands of the common grantors which are outside his chain of title, and the recording of the deed of July 13, 1949 is not constructive notice of the easement created in that instrument.

The argument is unsound. It is based on the erroneous notion that since the title to the fee of the dominant estate is not a part of the defendant's tract, the easement created in favor of that estate is outside the defendant's line.

■ To be sure, the land acquired by the plaintiffs, if considered apart from the beneficial interest created by the defendant's predecessor, was not taken from the defendant's tract. However, its appurtenant easement was established on the defendant's parcel. The instrument which granted the plaintiffs' easement imposed a correlative burden by way of a servitude which stands as an encumbrance of record on the lands retained. The plaintiffs' interest was carved out of the very lands which the defendant subsequently acquired. It was in derogation of that grant.

"In such a case at common law, the purchaser would take subject to easement previously created, as being a legal interest, irrespective of whether he has notice thereof, and the rule in this respect could not well be regarded as changed by the adoption of the recording law, as applied to a case in which the grant of the easement does appear of record, though in connection with other lands, to which the easement is made appurtenant." 2 Tiffany, Real Property, p. 2188 (1920 Ed.) ; *Finley* v. *Glenn,* 303 Pa. 131, 154 Atl. 299, 301 ; *McQuade* v. *Wilcox,* 215 Mich. 302, 183 N.W. 771, 16 A.L.R. 997, 1000 ; *Kurz* v. *Blume,* 407 Ill. 383, 95 N.E. 2d 338, 25 A.L.R. 2d 1258, 1263.

The grantors of the plaintiffs' easement were not strangers to the defendant's title. Nettie C. Tupper, one of the grantors of the right, was the defendant's immediate predecessor in the servient estate.

■ The content of the Sudbury land records discloses that the deed of July 13, 1949 directly affected the premises which the defendant subsequently acquired. The record of that instrument constituted constructive notice of the true state of the defendant's title on January 17, 1950. It afforded notice to the grantee of the servitude against the defendant's parcel, since that encumbrance was im-

posed by the very persons who are the source of his grant.  *Flint* v. *Steadman,* 36 Vt. 210, 217; 45 Am. Jur. Records and Recording Laws, §§88, 97; 28 C.J.S. Easements, §48 et seq.; 5 Thompson, Real Property §4127.

The plaintiffs' interest in the defendant's premises is not impaired by the fact that the subsequent conveyance in the defendant's chain of title failed to mention it.  The clause in the deed from the Tuppers to the Moores constituted notice of the easement and its corresponding burden on the land which the defendant acquired. *Nelson* v. *Bacon,* 113 Vt. 161, 170, 32 Atl. 2d 140; *Sargent* v. *Gagne, supra,* 121 Vt. at 9.

Until that burden is lifted or modified by mutual agreement of the owners of both estates, the plaintiffs are entitled to have their interest in the defendant's land protected.  On the facts found, it was error to dismiss the complaint and to enjoin the plaintiffs from further enjoyment of their prior right.

*Decree reversed and cause remanded for further proceedings according to the decision.*