**Raymond R. Hemingway and Donald A. Lowell v. Ella Shatney, William T. Shatney and Ernestine Shatney**

[568 A.2d 394]

No. 87-185

Present: Allen, C.J., Peck, Gibson and Dooley, JJ., and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed October 13, 1989

*Sargent & White,* Morrisville, for Plaintiffs-Appellees.

*Reid & Balivet,* Danville, for Defendants-Appellants.

**Allen, C.J.** Defendants William "Ted" and Ernestine Shatney appeal from a judgment entered against them and against Ella Shatney ("seller") arising from her agreement to sell certain property to plaintiffs and her subsequent sale of the same property to defendants. We reverse.

Planning to move into a nursing home, seller offered to sell a parcel of property with a residential trailer at a favorable price to plaintiff Donald Lowell and his business partner, plaintiff Raymond Hemingway. They entered into a purchase and sale contract with her and paid her a $100 deposit on August 26, 1983, with closing to take place by September 9.

Seller then offered the same property to defendants Ted and Ernestine Shatney on September 1, 1983, at the same price. On September 2, they accompanied her to her attorney's office to close the sale and accept delivery of the deed. On September 6, after plaintiff Lowell had learned of the subsequent conveyance, he recorded plaintiffs' contract. On September 9, defendants Ted and Ernestine Shatney recorded their deed.

Plaintiffs sued, alleging wrongful interference with their contract against Ted and Ernestine Shatney, and breach of contract against seller. The trial court found that Ted and Ernestine Shatney had actual knowledge of the prior sales contract at the time they took delivery of their deed, and entered judgment both against seller and against them. The trial court imposed punitive damages and compensatory damages measured by the rental income plaintiffs had anticipated, against

Ted and Ernestine Shatney. Only Ted and Ernestine Shatney appealed, and will be referred to as "defendants."

[1] We first address the relative priority of the parties' unrecorded purchases. Seller entered into an executory contract for value with plaintiffs on August 26. Although the seller in an executory contract retains the legal title, equitable title passes to the purchasers. *Troy v. Hanifin*, 132 Vt. 76, 82, 315 A.2d 875, 879 (1974); *Dutton v. Davis*, 103 Vt. 450, 452, 156 A. 531, 532 (1931). If defendants had had actual notice of the prior executory contract, they would stand in seller's shoes and hold title only in trust for the conveyance of the property to plaintiffs, as the prior purchasers. *Potwin v. Tucker*, 126 Vt. 414, 419, 234 A.2d 430, 434 (1967); see also *West-Nesbitt, Inc. v. Ralston Purina Co.*, 128 Vt. 498, 502, 266 A.2d 469, 471 (1970) (subsequent purchasers with notice of prior contract for sale of land take subject to first purchaser's equity where first purchaser has entirely performed and there remains only the giving of the deed of conveyance by the seller).

[2] No evidence supports the finding that defendants knew of the prior sales contract between seller and plaintiffs before receiving their deed from seller. The meager evidence which plaintiffs argue supports the finding of prior actual notice shows at most two discussions: first, that seller discussed with defendant Ted Shatney, at some unspecified time, whether she could sell the property before the probate decree issued; and second, that plaintiff Lowell discussed with defendant Ernestine Shatney, after defendants had received their deed, the effect of plaintiffs' prior contract on defendants' purchase. Although the trial court is the judge of the weight of the evidence, and findings of fact are not to be set aside unless clearly erroneous, a finding unsupported by evidence must be set aside. *Bookstaver v. Town of Westminster*, 131 Vt. 133, 141–42, 300 A.2d 891, 896 (1973).

[3] Defendants thus acquired priority at delivery of the deed as subsequent purchasers without notice. Plaintiffs next argue that defendants' failure to record their deed before plaintiffs had recorded their executory contract divested defendants

of their priority. Under Vermont's recording statute, plaintiffs do not prevail.[1]

Vermont's recording statute, 27 V.S.A. § 342, does not require that a subsequent purchaser without notice also be one "[w]hose conveyance is first duly recorded."[2] Vermont has a "notice" type of statute rather than a "race-notice" type of statute.[3] Compare the "notice" statutes discussed in 1 R. Patton & C. Patton, Patton on Land Titles § 9 (2d ed. 1957) (hereinafter Patton) and 6A R. Powell, Law of Real Property § 905[1][c][ii] with the "race-notice" statutes discussed in 1 Patton, *supra*, § 10 and Powell, *supra*, § 905[1][c][iii].

The Vermont statute also requires that purchasers record their interest, which defendants did a week after delivery of their deed. The timing of that recording would affect defendants' rights vis-a-vis a subsequent purchaser without actual or

---

[1] Plaintiffs would not have acquired priority even if the instrument they recorded had been a deed rather than an executory contract. Therefore, we need not address an issue suggested by *Pennock v. Goodrich*, 104 Vt. 134, 139, 157 A. 922, 924 (1932): whether in Vermont the recording of a purchase and sale agreement can ever afford constructive notice to a subsequent purchaser. See Annotation, *Record of Executory Contracts for the Sale of Real Estate*, 26 A.L.R. 1546 (1923).

[2] Section 342 provides:

A deed of bargain and sale, a mortgage or other conveyance of land in fee simple or for term of life, or a lease for more than one year from the making thereof shall not be effectual to hold such lands against any person but the grantor and his heirs, unless the deed or other conveyance is acknowledged and recorded as provided in this chapter.

The statute does not by its terms provide that a subsequent purchaser must record first in order to gain priority over a prior purchaser. The dictum in *In re Vermont Fiberglass, Inc.*, 44 Bankr. 505, 510 (D. Vt. 1984), that priority goes to a bona fide purchaser of an unrecorded interest "who perfects first" is unnecessary to that decision; later proceedings in that case, *In re Vermont Fiberglass, Inc.*, 45 Bankr. 603, 606 (D. Vt. 1984), are consistent with our interpretation of the Vermont recording statute.

[3] In this respect Vermont's recording statute resembles the notice statutes in Connecticut (Conn. Gen. Stat. Ann. 47-10 (West 1986)), New Hampshire (N.H. Rev. Stat. Ann. § 477:7 (1983)) and Massachusetts (Mass. Gen. Laws Ann. ch. 183, § 4 (West 1977)). In contrast, the distinguishing characteristic of the race-notice statutes of, e.g., Maryland (Md. [Real Prop.] Code Ann. § 3-203 (1981)), New Jersey (N.J. Stat. Ann. § 46:22-1 (West 1940)), Pennsylvania (Pa. Stat. Ann. tit. 21, § 351 (Purdon 1955)), or New York (N.Y. Real Prop. Law § 291 (McKinney 1989)), is that they expressly provide that a subsequent purchaser without notice is protected only in the event that he or she records first.

inquiry notice since the recorded deed would provide constructive notice. See *Moore v. Center*, 124 Vt. 277, 281–82, 204 A.2d 164, 167 (1964) (recorded deed constitutes constructive notice). It would not, however, affect defendants' rights with regard to plaintiffs, since by the time plaintiffs recorded they already had actual notice of defendants' purchase. There exists no rule of law in Vermont which requires a deed to be recorded within any fixed period, or within what would be deemed a reasonable time in reference to other business transactions, to render it effectual as to those who have knowledge of its existence. *Corliss v. Corliss*, 8 Vt. 373, 387 (1836). With regard to plaintiffs, it is immaterial when the later conflicting purchase by defendants was recorded. *Miller v. Merine*, 43 F. 261, 265–66 (W.D. Mo. 1890) (though last to record, subsequent bona fide purchaser prevailed over prior purchaser who recorded after and with actual knowledge of common grantor's sale to subsequent bona fide purchaser). 1 Patton, *supra*, § 9, at n.20–22; R. Powell, *supra*, § 905[1][d], at n.46. Accordingly, the judgment must be reversed as to defendants William "Ted" and Ernestine Shatney.

Because we have reversed and directed the entry of judgment for defendants, it is unnecessary to reach the damage issues.

*Reversed and remanded for the entry of judgment for William and Ernestine Shatney.*