NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-430

JOHN A. DROMSKY & another[1]

vs.

JOHN T. MANDEVILLE & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case concerns a dispute over the width of a right of way. The plaintiffs, John A. Dromsky and Jane T. Dromsky, live on a private, paved lane referred to as Hillcrest Acres Lane (lane). The defendants, John T. Mandeville and Douglas Scott Lester, also live on the lane. After the defendants restored a stone wall in front of their house, in the area to the side of the lane, the plaintiffs brought this action alleging that (1) the paved lane, which was approximately ten feet wide, followed the path of a forty-foot wide right of way over which the plaintiffs had easement rights and (2) the defendants constructed their stone wall in the forty-foot right of way, thereby interfering with the plaintiffs' use and enjoyment of

---

[1] Jane T. Dromsky.
[2] Douglas Scott Lester.

it.  Following cross motions for summary judgment, an amended judgement entered declaring that the plaintiffs have only a prescriptive easement for vehicular and pedestrian passage over the paved lane.  The plaintiffs appeal.  We conclude that the plaintiffs have an express easement over the paved lane, and we direct that the amended judgment be modified to reflect that.  See G. L. c. 221A, § 5; G. L. c. 231, §§ 115, 125.  Otherwise, we affirm.

1.  Notice of appeal.  Before turning to the merits, we address whether the plaintiffs' notice of appeal was timely.  The issue with respect to the timeliness of the plaintiffs' notice of appeal arises from the fact that the plaintiffs and the defendants served motions for reconsideration within ten days of entry of the original February 16, 2021, judgment.  On March 9, 2021, the defendants filed their motion, which asked that the declaratory judgment be amended "to remove [an] ambiguity caused by the language and punctuation."  On March 19, 2021, the defendants' motion was allowed, and the amended judgment entered, making a minor wording change to the declaratory judgment.  On March 22, 2021, the plaintiffs filed their motion, which reargued the merits of the case.[3]  The

_____

[3] The plaintiffs were required to file their motion for reconsideration "either before service or within a reasonable time thereafter."  Mass. R. Civ. P. 5 (d) (1), as amended, 404 Mass. 1401 (1989).  The defendants do not argue that the

2

plaintiffs' motion was denied months later, on October 1, 2021.

Within thirty days of entry of the order denying the plaintiffs'

motion, they filed their notice of appeal.  The defendants argue

that plaintiffs' motion tolled the time for appealing from the

original judgment but not the amended judgment, and that the

plaintiffs therefore had to file their notice of appeal within

thirty days of entry of the amended judgment.  We disagree.

The Massachusetts Rules of Appellate Procedure provide that

"unless otherwise provided by statute, the notice of appeal

. . . shall be filed with the clerk of the lower court within 30

days of the date of the entry of the judgment, decree,

appealable order, or adjudication appealed from."  Mass. R. A.

P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).  However,

the appeal period is tolled if any party makes or serves, in a

timely manner, a motion listed in rule 4 (a) (2), and a new

appeal period commences on the entry of the order disposing of

the last such motion.  See Mass. R. A. P. 4 (a) (2); Youghal,

LLC v. Entwistle, 484 Mass. 1019, 1020-1021 (2020).  One type of

motion that tolls the appeal period is a motion to alter or

_____

plaintiffs did not file their motion within a reasonable time.
Moreover, given the circumstances, we think the plaintiffs did
file their motion within a reasonable time.  In particular, it
appears that the plaintiffs waited until the court clarified the
ambiguity with the wording of the declaratory judgment and then
filed their motion, which went to the merits, three days after
the amended judgment entered.

3

amend the judgment, however titled, but only if the "motion is served within 10 days after entry of judgment." Mass. R. A. P. 4 (a) (2) (C).

Here, it is undisputed that the plaintiffs' motion tolled the time for appealing from the original judgment. See Mass. R. A. P. 4 (a) (2) (C). The only question is whether the plaintiffs' motion also tolled the time for appealing from the amended judgment. We conclude that it did where a contrary conclusion would improperly "elevate form over substance." Matter of the Estate of Rosen, 86 Mass. App. Ct. 793, 802 (2014). In particular, the defendants received timely notice that the plaintiffs were seeking substantive reconsideration of the declaratory judgment, regardless of its precise phrasing, and the arguments raised in the plaintiffs' motion applied equally to the original judgment and the amended judgment. As the defendants acknowledged at oral argument, there would be no dispute that the plaintiffs' motion tolled the time for appealing from the amended judgment had the plaintiffs served it again but altered the title to reflect that they were seeking reconsideration of the amended judgment. Accordingly, we are satisfied that the plaintiffs' motion tolled the time for appealing from both the original judgment and the amended judgment. See Youghal, LLC, 484 Mass. at 1020-2021 (rule 59 motion served before entry of judgment still tolls appeal

4

period). The defendants' motion to dismiss the appeal is denied.

2. <u>Right of way</u>. The plaintiffs rely on a 1954 deed from Lillian Lamb to Leon Sequeira to establish their right to use the full forty-foot way. The 1954 deed conveyed land "[c]ommencing at a point approximately 137 feet in a westerly direction from the west side of Horseneck Road and in the northerly line of a 40 ft. right of way." The deed also stated, "The grantee shall have a right of way along the aforementioned 40 ft. right of way from Horseneck Road to the westerly boundary of the granted premises." The plaintiffs, who trace their chain of title back to the 1954 deed, argue that this language created a forty-foot wide right of way.[4] We agree that the language created a right of way, but not that the language created a forty-foot wide right of way.

The 1954 deed referenced two rights of way: a new right of way along a supposedly preexisting forty-foot wide right of way. While the 1954 deed created the new right of way, it did not create the forty-foot wide right of way, and the plaintiffs did not offer evidence in the Superior Court showing that the forty-

---

[4] The plaintiffs also point to a 1952 plot plan that Lamb filed with the registry of deeds showing undeveloped and undivided land with a forty-foot wide "private drive" running through it. However, the plaintiffs have not explained how this plot plan, which was not referenced in the subsequent 1954 deed, conveyed any rights to the private drive.

5

foot wide right of way was validly created. Where the 1954 deed created a right of way of undefined width, the right of way was limited to a "convenient width that would be reasonable for the purposes at the time of the grant."[5] M. Pill, Real Estate Law § 8:39 (2022-2023 ed. 2022). See George v. Cox, 114 Mass. 382, 387 (1874). On this point, the undisputed summary judgment evidence showed that the paved lane had provided decades of convenient ingress and egress to and from the residential properties along the lane, and that the new right of way created by the 1954 deed was therefore limited to the width of the paved lane. The judge did not err, then, in granting the plaintiffs an interest only in that area.[6]

Separately, we note that the plaintiffs cite Casella v. Sneirson, 325 Mass. 85 (1949), in support of their argument that

_____

[5] In contrast, "[w]here the language of an easement requires that a way of a defined width be kept open, or that the full extent of the width described be usable, we have prohibited any encroachment into the way." Martin v. Simmons Props., LLC, 467 Mass. 1, 15-16 (2014). That was not the case here.

[6] On appeal, the plaintiffs have submitted a typed transcription of a handwritten deed, from Patrick Cummings to Elizabeth A. Bowers and Josiah A. Bowers, that conveyed "a right of way . . . through my land . . . provided the grantees herein mentioned follow[] the laneway now used by the grantor." The plaintiffs argue that this deed created the forty-foot wide right of way. Even if we were to consider the deed, which was not submitted in the Superior Court and is not part of the record, it would not alter our analysis, as it does not specify that the right of way was forty feet wide. See Mass. R. A. P. 8 (a), as appearing in 481 Mass. 1611 (2019) ("record on appeal shall consist of the documents and exhibits on file").

they have an easement over an unobstructed, forty-foot wide right of way. The language in Casella on which the plaintiffs rely pertains to easements by estoppel, but the plaintiffs do not otherwise elaborate on the point or explain how, by virtue of an easement by estoppel, they have an easement over an unobstructed forty-foot right of way. See id. at 90 ("When a grantor conveys land, bounding it on a way or street, he and his heirs are estopped to deny that there is such a street or way" [quotation and citation omitted]). Accordingly, we decline to address the argument further.

3. Attorney's fees. In the Superior Court, the motion judge awarded the defendants attorney's fees incurred in responding to the plaintiffs' motion for reconsideration.[7] The motion judge noted that the plaintiffs continued "to repeatedly rehash the same arguments ad nauseam." The plaintiffs argue that their motion was meritorious, and that the decision to

---

[7] The defendants argue that, regardless of whether the plaintiffs' entire appeal is properly before the court, the plaintiffs' challenge to the award of attorney's fees is not. The defendants argue that while the plaintiffs' notice of appeal included the order denying the plaintiffs' motion for reconsideration, the notice of appeal did not specify that the plaintiffs were appealing from so much of that order as awarded attorney's fees, or that the plaintiffs were appealing from the subsequent order that specified the amount of attorney's fees being awarded. This argument is meritless. The plaintiffs appealed from the entire order denying their motion for reconsideration, which included the award of attorney's fees.

award attorney's fees was therefore an abuse of discretion.[8]  We review an award of attorney's fees for an abuse of discretion. See <u>Wong</u> v. <u>Luu</u>, 472 Mass. 208, 220 (2015).  Here, we discern none, where the plaintiffs' motion merely repeated arguments that the motion judge had already rejected.

    4.  <u>Conclusion</u>.  The words "a prescriptive easement," appearing in part (iii) (a) of the amended judgment, are modified to read "an express easement."  As modified, the amended judgment is affirmed.  The order denying the plaintiffs' motion for reconsideration is also affirmed.

<u>So ordered</u>.

By the Court (Sacks, Singh &
  Brennan, JJ.[9]),

Joseph F. Stanton

Clerk

Entered:  March 8, 2023.

---

[8] Separately, the defendants request attorney's fees and double costs incurred in defending this appeal.  That request is denied.  While the plaintiffs have not prevailed on the main issue of the width of the right of way, their appeal was not frivolous.

[9] The panelists are listed in order of seniority.