Filed 05/21/25

VERMONT SUPERIOR COURT                                    CIVIL DIVISION
Orange Unit                                              Case No. 24-CV-02231
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



| Heather Drinan v. Green Mountain Stock Farm, Inc. |
|---|

## ENTRY REGARDING MOTION

Title:      Motion to Reconsider  (Motion: 7)
Filer:      Rodney E. Mcphee; Heather E Drinan
Filed Date:   April 28, 2025
The motion is DENIED.

Defendant's first argument for reconsideration is that the case of *Moore v. Center* controls to Plaintiff's first claim of warranty against encumbrances.  124 Vt. 277, 281 (1964).  The Court does not find *Moore* to be controlling.  The holding of *Moore* concerns an easement granted by a defendant's predecessor in title, the Tuppers, for parking, which was not indicated in the Tuppers' later deed to defendant.  Id. at 279.  After taking possession, defendant encountered plaintiff's use of the easement, and he was then notified of the easement by the plaintiff.  Id.  Defendant then made improvements to his property that excluded plaintiffs from the easement.  Id. at 280.  The Court held that this exclusion was not permissible because the easement had been validly conveyed and continued despite not being a part of the Tuppers' deed to defendant.  Id. at 281.

Nothing in *Moore* concerns whether the Tuppers' warranty was accurate or whether the Tuppers had any liability as a result of excluding the information.  Id. at 281–82.  The Tuppers were not party to the litigation, and their relationship was not at issue.  If anything, the holding of *Moore* indicates that such an excluded easement is a real and valid encumbrance, and it leaves open the question of whether excluding such an encumbrance constitutes a violation of the warranty.  All of which makes a motion to dismiss on *Moore* inappropriate as nothing in this case forecloses Plaintiff Drinan's current claims against Defendant Green Mountain Stock Farm, Inc. which in terms of *Moore* stands in the same position as the Tuppers did.  As such, Defendant's first argument does not persuade the Court that there are grounds to dismiss Count I at this time.[1]

---

[1] Defendant also raises an argument that Plaintiff Drinan did not act to cure the encumbrance, and it should be enforced against her.  *In re West*, 165 Vt. 445, 450 (1996).  This argument, however, goes beyond the pleadings into the factual record and is not appropriate for a motion to dismiss under Vermont's notice pleading standards.  *Huntington Ingalls Industries, Inc. v. Ace American Ins. Co.*, 2022 VT 45, ¶ 40 (citing to V.R.C.P. 8 and Vermont's liberal notice pleading standards).

As to Defendant's argument regarding Count II, the same analysis applies. The argument raised by Plaintiff Drinan is not whether she is deemed to have constructive notice for purposes of enforcement of the easement, but whether Defendant as seller took actions that misrepresented the nature of the parcel. Defendant's argument that because the easement is binding on Plaintiff and because Plaintiff had the opportunity to conduct a title search absolves Defendant from any liability for making misrepresentations is neither black letter law nor patently obvious at this stage of the case. *Silva v. Stevens*, 156 Vt. 94, 105 (1991); *Crompton v. Beedle*, 83 Vt. 287, 300–02 (1910). For these reasons, Defendant's arguments concerning Count II of the complaint do not provide sufficient grounds for dismissal.

Finally, Defendant's arguments concerning "reasonable interpretation" and the consumer fraud act are similar to its arguments concerning misrepresentation. The Court does not find any of the caselaw cited by Defendant to support the proposition that because a plaintiff could have uncovered a Defendant's misrepresentations and incorrect statements that the defendant is absolved of liability as a matter of law. As *Carter* and *Ianelli* note, consumer fraud does not require an intent to mislead, it only requires evidence of misleading statements (representations or omissions) that were reasonably construed and influenced Plaintiff's actions regarding the transaction. *Ianelli v. US Bank*, 2010 VT 34, ¶ 34; *Carter v. Gugliuzzi*, 168 Vt. 48, 56 (1998). Plaintiff's pleadings establish these elements, and Defendants arguments concern the facts that go beyond the pleadings into the nature of Plaintiff's title search, what was or was not known, and what specific representations or disclaimers were exchanged. For these reasons, Count III of Plaintiff's complaint is not susceptible to a motion to dismiss.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **Denied.**

Electronically signed on 5/20/2025 1:59 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge